UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT L. DAVIS,

    Petitioner,

-vs-                                                  Case No. 8:06-CV-1528-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. 1). On December 5, 2008, Petitioner filed his amended petition (Dkt. 29) and memorandum of law in support of the amended petition (Dkt. 30). Petitioner challenges his 2000 convictions for grand theft and uttering a forged instrument entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, in case number 00-4111. Respondent has filed a response to the amended petition (Dkt. 39), and Petitioner has filed a reply thereto (Dkt. 40). Respondent asserts no challenge to the amended petition's timeliness. The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2009).

### Background

Following a jury trial, Petitioner was found guilty of grand theft and uttering a forged

instrument (Dkt. 43, Ex. 32, Vol. I at pg. 44). On September 21, 2000, Petitioner was sentenced to 5 years in prison on each count, to run consecutive to each other (Id. at pgs. 45-52). Petitioner appealed, and the state appellate court affirmed without written decision (Dkt. 43, Ex. 4); *Davis v. State*, 860 So. 2d 417 (Fla. 2nd DCA 2003)[table].

Next, Petitioner filed an "All Writs" petition in the Florida Supreme Court (Dkt. 43, Ex. 8). The Florida Supreme Court dismissed the petition for lack of jurisdiction (Dkt. 43, Ex. 9); *Davis v. State*, 862 So. 2d 726 (Fla. 2003)[table].

Subsequently, Petitioner filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("3.850 motion") (Dkt. 43, Ex. 10). The state court denied the 3.850 motion (Dkt. 43, Exs. 11, 15). Petitioner did not timely appeal the denial of the 3.850 motion. However, on October 20, 2005, the appellate court granted Petitioner's request for a belated appeal (Dkt. 43, Ex. 16). On March 31, 2006, the state appellate court per curiam affirmed the denial of the 3.850 motion (Dkt. 43, Ex. 18); *Davis v. State*, 929 So. 2d 1062 (Fla. 2nd DCA 2006)[table].

Petitioner filed his "Defendant's Supplement [sic] Ground to His 3.850" in the state trial court (Dkt. 43, Ex. 22). The state trial court denied the motion on October 20, 2005 (Dkt. 43, Ex. 23). On September 26, 2007, the state appellate court granted Petitioner's petition for belated appeal of the order denying the motion (Dkt. 43, Ex. 24). However, on May 7, 2008, the state appellate court per curiam affirmed the denial of the motion (Dkt. 43, Ex. 26); *Davis v. State*, 988 So. 2d 1093 (Fla. 2d DCA 2008)[table].

Finally, on October 14, 2005, Petitioner filed a Motion to Correct Sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure ("3.800(a) motion") (Dkt. 43, Ex. 28).

The state trial court denied the 3.800(a) motion on August 14, 2006 (Dkt. 43, Ex. 29). Petitioner appealed, and on December 20, 2006, the state appellate court per curiam affirmed (Dkt. 43, Ex. 30); *Davis v. State*, 994 So. 2d 991 (Fla. 2d DCA 2006)[table].

On August 14, 2006, Petitioner filed his original federal habeas petition in the instant action (Dkt. 1).[1] His amended petition was received by the Court on December 5, 2008 (Dkt. 29).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

---

[1] Although the Court received Petitioner's petition on August 17, 2006, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears Petitioner delivered his petition to prison officials for mailing on August 14, 2006 (See Dkt. 2).

3

*Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

**PROCEDURALLY DEFICIENT GROUNDS**

A petitioner must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), *and Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

**Grounds Three, Four and Six**

In Ground Three, Petitioner complains that he was denied a fair trial because of the trial judge's bias against him. Respondent asserts this claim is unexhausted and procedurally barred (Dkt. 39 at pg. 23). Petitioner admits he never moved to recuse the state trial judge, but asks this Court to grant him relief pursuant to this claim because it is "plain error." (Dkt. 30 at pg. 15; Dkt. 40 at pg. 11).

Petitioner raised this claim in his Initial Brief on direct appeal of his convictions (Dkt. 1 at pgs. 27-31). In its Answer Brief, the State clearly asserted that the claim was "procedurally barred because Appellant failed to make contemporaneous objections at trial to the trial judge's comments or seek his disqualification." (Dkt. 43, Ex. 1 at pg. 22). Ground Three is procedurally barred because of Petitioner's failure to properly preserve the issue in the trial court. *See, e.g., Schwab v. State*, 814 So. 2d 402, 408 (Fla.2002)(defendant's judicial bias claim procedurally barred where grounds of judicial bias claims were known by the defense at the time of the trial, yet defendant never filed a motion to recuse). This claim can be denied on independent and adequate state procedural grounds. A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001). Based upon the record, there is a clear and unambiguous application of the procedural bar by the appellate court as reflected in their per curiam affirmance of Petitioner's convictions. See *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993).[2] When a state court has applied a state procedural bar to a claim, that claim is similarly barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). Accordingly, Ground Three is procedurally barred.

In Ground Four, Petitioner complains that his alleged waiver of counsel was not voluntary or intelligent in the absence of a *Faretta* inquiry.[3] Respondent asserts that this claim is procedurally

---

[2] Under the circumstances, the silent affirmance is presumed to rest on independent and adequate state procedural grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling).

[3] *Faretta v. California*, 422 U.S. 806 (1975).

barred because Petitioner did not raise it on direct appeal, and the postconviction court denied the claim, which Petitioner raised in his 3.850 motion, as procedurally barred because the issue should have been raised on direct appeal (Dkt. 39 at pg. 25). In his reply, Petitioner admits he did not raise the claim on direct appeal, but asks this Court to grant him relief pursuant to this claim because it is "plain error." (Dkt. 40 at pgs. 11, 14).

The record supports Respondent's contention that Petitioner did not raise this claim on direct appeal (Dkt. 43, Ex. 1), and that the state postconviction court denied the claim because it should have been raised on direct appeal (Dkt. 43, Ex. 11 at pg. 2). A petitioner must present his claims to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). Petitioner should have raised on direct appeal his *Faretta* claim alleged in Ground Four. *See Downs v. State*, 740 So. 2d 506, 509 n.5 (Fla. 1999) (trial court's alleged failure to conduct adequate *Faretta* inquiry should have been challenged by direct appeal; rule 3.850 motion properly denied as procedurally barred). The law is well-settled in Florida that "[i]ssues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995). Postconviction proceedings under Rule 3.850 are not be used as a second appeal, nor is it appropriate to use a different argument to relitigate the same issue(s). *See Torres-Arboleda v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994). This Circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied,* 464 U.S. 922 (1983); *Harmon v. Barton,* 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990)(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion). Consequently, Ground Four

is procedurally barred.

In Ground Six, Petitioner complains that he was denied due process when the state court refused to acknowledge or hear his vindictive sentence issue. Specifically, he asserts he raised a vindictive sentence claim in ground nine of his supplemental 3.850 motion, but the state court never addressed it.

To the extent Petitioner asserts a substantive claim that he was subjected to a vindictive sentence, the claim is procedurally barred for the same reasons Ground Four, *supra*, is procedurally barred, i.e., the claim should have been raised on direct appeal. The state postconviction court denied the claim as procedurally barred because it should have been raised on direct appeal (Dkt. 43, Ex. 11 at pg. 2). *See Smith v. State*, 909 So. 2d 972, 973 (Fla. 2d DCA 2005)(affirming denial of Rule 3.850 claim based on vindictive sentencing because claim could have been raised on direct appeal).

To the extent Petitioner claims he was denied due process during the postconviction proceedings because the postconviction court never addressed the claim when he raised it in his supplemental 3.850 motion (See Dkt. 43, Ex. 22), the claim is not cognizable in this federal habeas proceeding. A federal court is not the appropriate forum to challenge the process afforded in state collateral proceedings because the challenge attacks a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (a habeas claim that the state trial court violated a petitioner's due process rights because the court failed to conduct an evidentiary hearing

and attach to its opinion pertinent portions of the record resolved only issues unrelated to the cause of petitioner's detention and stated no basis for habeas relief).

Grounds Three, Four and Six are procedurally defaulted because state law bars Petitioner from returning to state court to present these claims.

> [W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief. . . . Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile.

*Snowden v. Singletary*, 135 F.3d 732, 736-37 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

Because Petitioner procedurally defaulted Grounds Three, Four and Six, review is foreclosed unless Petitioner can satisfy one of two tests. To overcome procedural default, Petitioner must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Petitioner must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Petitioner must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v.*

*Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). *Accord Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Petitioner must demonstrate that the alleged errors so infected the trial that his resulting convictions violate due process. Petitioner fails to meet his burden.

As an alternative to showing "cause and prejudice," Petitioner may show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," an especially difficult task since Petitioner must demonstrate "actual innocence" of the crime of conviction. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S. at 496). *See also Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (petitioner must show "as a factual matter that he did not commit the crime of conviction."). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324(1995)) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)). Petitioner provides no new reliable evidence of his actual innocence. Accordingly, he does present a colorable claim of actual innocence.

Petitioner meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default. Consequently, Grounds Three, Four and Six are procedurally barred from review on the merits.

**Ground One**

In Ground One, Petitioner complains that trial counsel was ineffective in failing to prepare for trial and obtain material witnesses. Specifically, Davis asserts counsel should have called Luke

9

Smith and F/N/U Roscoe, who Petitioner claims would have testified how Petitioner was misled that the checks he presented to the banks were legal.[4]

Initially, the Court notes that Petitioner's unsubstantiated allegations are facially insufficient to support an ineffective assistance of counsel claim as to the failure to call these witnesses. "Evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Jordan v. McDonough*, 2008 U.S. Dist. LEXIS 831, 2008 WL 89848 *5 (M.D. Fla. January 7, 2008) (quoting *United States v. Ashimi*, 932 F. 2d 643, 650 (7th Cir. 1991)). Having failed to provide such evidence, Petitioner's claims as to these witnesses must be denied.

Secondly, Petitioner raised this claim in his Rule 3.850 motion. Adopting the State's response to the claim, the state court denied relief (Dkt. 43, Ex. 15 at pg. 2). With respect to Luke Smith, the state court determined that Smith's alleged testimony that his father told Petitioner that the checks were the father's, and that the father had authority to write the checks, was inadmissible hearsay (See Dkt. 43, Ex. 12 at pg. 3). Moreover, the state court determined that the evidence at trial overwhelmingly proved Petitioner's lack of mistake or intent (Id. at pgs. 4-5). As to counsel's failure to call F/N/U Roscoe, the state court determined that Petitioner did not proffer what Roscoe's testimony would have been had he testified at trial (Id. at pgs. 3-4).

Petitioner does not establish that the witnesses' testimony would have been admissible at trial. Therefore, Petitioner has not demonstrated that counsel was deficient for not calling these

---

[4]To the extent Petitioner claims counsel was ineffective in failing to obtain the bank's surveillance tape, Petitioner did not raise the claim in his postconviction motion (Dkt. 43, Ex. 10). Accordingly, the claim is unexhausted and procedurally barred.

witnesses. Moreover, because Petitioner does not establish these witnesses' testimony would have been admissible, and in light of the evidence at trial establishing Petitioner's guilt, he has not demonstrated a reasonable probability exists that the outcome of the trial would have been different had counsel called these witnesses. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner complains that the state trial court denied him his rights under the Sixth and Fourteenth Amendments to prepare for trial and obtain witnesses when it denied his motion to continue the trial in order to obtain an appointed investigator to locate Luke Smith and F/N/U Roscoe, and denied his motion for access to the prison's law library so that he could prepare for trial. Initially, as set forth in Ground One, *supra*, Petitioner fails to demonstrate any prejudice as a result of Luke Smith and F/N/U Roscoe not testifying at trial. In the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in *Chapman v. California*, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice.'" *Brecht*, 507 U.S. at 637. Therefore, because Petitioner wholly fails to show how the absence of Smith and Roscoe's testimony resulted in prejudice, he is not entitled to habeas relief.

With respect to Petitioner's claim that his rights were violated when the state trial court denied his motion for access to the prison's law library, Petitioner also fails to show any prejudice. First, Petitioner does not show that he actually filed a motion for access to the prison law library.

Second, the record appears to reflect that the state court did contact the prison and request that it allow Petitioner access to the law library (Dkt. 43, Ex. 32, Vol. I at pg. 3). Finally, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000), *cert. denied*, 531 U.S. 971 (2000). Petitioner admits he received access to the prison law library (Dkt. 40 at pg. 8). He merely argues that he did not receive enough time in the prison law library to adequately prepare for trial (Id.). Petitioner presents no evidence or specific factual allegation showing that his access to the prison's law library was so inadequate as to prevent him from adequately preparing for trial.

Moreover, Petitioner does not show that the state court's adjudication of this claim on direct appeal (See Dkt. 43, Ex. 1) was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). In fact, the Supreme Court has acknowledged that there is a Circuit split on the issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library. *See Kane v. Garcia Espitia*, 546 U.S. 9 (2005)(acknowledging but declining to resolve issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library). *See, e.g., Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) ("having rejected the assistance of court appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"). Accordingly, this claim must be denied pursuant to § 2254(d)(1).

**Ground Five**

In Ground Five, Petitioner complains stand-by trial counsel was ineffective in failing to

inform him and the trial court that the law forbids a sentence outside of the guidelines range based on sentencing factors that were not determined by a jury. To the extent that Petitioner argues that his sentence is based on a fact not found by the jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), this claim is precluded because his conviction was final before *Blakely* was decided. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because *Blakely*, like *Ring* [*v. Arizona*, 536 U.S. 584 (2002)], is based on an extension of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005)(*Blakely* not retroactive on collateral attack).

To the extent Petitioner argues stand-by trial counsel was ineffective in failing to inform Petitioner or the court that pursuant to *Blakely* a sentence outside of the guidelines range must be based on sentencing factors determined by a jury, the claim has no merit. Petitioner was sentenced on September 21, 2000. *Blakely* was decided on June 24, 2004, almost four years after Petitioner was sentenced. Petitioner essentially complains that his attorney was ineffective in failing to anticipate a change in the law, that is, the holding in *Blakely*. It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir.2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

Petitioner's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Blakely*. Consequently, Petitioner has not established that his counsel's failure to raise a

*Blakely*-type argument fell below an objective standard of reasonableness, and Petitioner is entitled to no relief based on this claim. *See Strickland, supra*, 466 U.S. at 688.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 29).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _July 28th_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
    Counsel of Record